Mr. Justice Richardson
delivered the -opinion of the court :
It was decided in the case of Russel vs. Lithgow, that the assignee of a bond may plead such bond in discount against his own bond, which is suer! in the name of the obligee, but on account of a third person who was the obligor of the assigned bond, offered in discount. In that case, in as much as Kershaw, the assignee of Lithgow’s bond, had sued in the name of Russel, there was reciprocal equity in allowing Lithgoio, the assignee oZ Jlncrum, to plead Kershaw’s bond in discount. The suit was really between Kershaw and Lithgow, who were reciprocally the assignees of each other’s bonds. But should we extend this principle by analogy, so far as to allow a defendant, whenever he is sued by bis creditor, to set up by way of discount, any unliquidated demand upon the plaintiff, which he the defendant may be able to obtain from any body, it would introduce collateral issues, and involve in vexatious litigation the plainest cases of acknowledged debt. The assignee of a bond, note,'or judgment, when he contracted for either, would have to en-quire, not merely into the state of an account between the assignor and his debtor, but whether the debtor might nqfc *478 possibly have picked up some account or unknown claim against the assignor, which he may offer in discount whenever sued by the assignee. It should be observed too, 'that although courts huY.„ gone far in restricting the old rule, that ohosns in action are not assignable, (Co. Litt. 214, 266, 2 Roll. 45, b. 40, ) and speak of the assignments of bon do before our act as good between the parties, (12 Mod. 554,) and have held that the assignment of a chose in action was ,; good consideration for a promise, (1 Roll. Abr. 29. Sed. 212,) and in or,e case, when the debt assigned was uncertain, (2 Wm. Blacks. 820, Mouldsdale ads Berehall,) yet, Í know of no recognition of the right of the assignee of an unliquidated account to sue in his own name, nor of his rights as assignee strictly ; though he may act as the attorney of, and appropriate the money recovered, as ágreed by the assign- or. But to allow the assignee to plead the assigned account by way of set off, would be to recognize his rights as assignee, which is opposed by the rule before noticed, and which must be still regarded, at least in relation to unacknowledged or unliquidated claims.
Heath, for the motion.
Pepoon, contra.
The motion is therefore granted.
Justices Gantt, Huger, Nott and Johnson, concurred.